# NO. 12-15-00128-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ROBERT LAFAYETTE WALKER,* *APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW NO. 3* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Robert Lafayette Walker appeals his conviction for the offense of driving while intoxicated and, in three issues, challenges the trial court's denial of his motion to suppress. We affirm.

## BACKGROUND

Appellant was charged by complaint and information for committing the offense of driving while intoxicated in Smith County on or about July 3, 2014. The complaint and information further alleged that Appellant was previously convicted of driving while intoxicated on February 14, 2011.

Appellant filed a motion to suppress, challenging the law enforcement officer's basis for initiating a traffic stop. The trial court denied the motion to suppress. Thereafter, Appellant pleaded guilty to the offense, and was sentenced to two hundred days of confinement. This appeal followed.

<u>**COMMISSION OF A TRAFFIC OFFENSE**</u>

Appellant raises three issues challenging the trial court's denial of his motion to suppress. In his first issue, Appellant contends that the video from the arresting officer's patrol car does not support his testimony.

**<u>Standard of Review</u>**

A trial court's ruling on a motion to suppress is reviewed for an abuse of discretion and involves a bifurcated analysis. ***Delafuente v. State***, 414 S.W.3d 173, 177 (Tex. Crim. App. 2013). First, we give almost total deference to a trial court's determination of the historical facts that the record supports, and second, we review de novo the trial court's application of the law to facts that do not turn on credibility and demeanor. ***Abney v. State***, 394 S.W.3d 542, 547 (Tex. Crim. App. 2013). We will uphold the trial court's ruling if it is correct under any theory of law applicable to the case. ***State v. Duran***, 396 S.W.3d 563, 571 (Tex. Crim. App. 2013). However, we review "indisputable visual evidence" contained in a videotape de novo. ***Id.***

**<u>Applicable Law</u>**

Section 545.051 of the transportation code requires that "an operator on a roadway of sufficient width shall drive on the right half of the roadway[.]" TEX. TRANSP. CODE ANN. § 545.051(a) (West 2011). The statute provides exceptions to this requirement, but none are applicable here. *See **id.***[1] Section 545.063 of the transportation code requires an operator to drive on the right side of the roadway on a "highway having two or more roadways separated by a space, physical barrier, or clearly indicated dividing section constructed to impede vehicular traffic." *See **id.*** § 545.063(a) (West 2011). Subsection (b) further provides that an operator may not

> drive over, across, or in a dividing space, physical barrier, or section constructed to impede vehicular traffic except: (1) through an opening in the physical barrier or dividing section or space; or (2) at a crossover or intersection established by a public authority.

*Id.* § 545.063(b).

---

[1] The exceptions include (1) the passing of another vehicle; (2) situations involving obstructions; (3) operating on roadways divided into three marked lanes for traffic; and (4) operating on a roadway restricted to one-way traffic. *See* TEX. TRANSP. CODE ANN. § 545.051(a)(1)–(4) (West 2011).

**Discussion**

The hearing on Appellant's motion to suppress was relatively short, and Appellant's sole basis for the motion concerned the legality of the traffic stop.

Richard Hoover, a trooper for the Texas Department of Public Safety, was the sole witness during the hearing. The record showed that Trooper Hoover was dispatched to a report of a "drunk driver" by a 911 caller. Trooper Hoover traveled to the location, found the suspected drunk driver, and initiated a traffic stop. He testified that he did not obtain any information from the 911 caller or include the call in his report because he had his "own probable cause" to stop Appellant. Specifically, Trooper Hoover testified that he stopped Appellant for "crossing the [double] yellow line."

It is well established that a law enforcement officer's decision to stop an automobile is reasonable where he has probable cause to believe that a traffic violation has occurred. *See Whren v. U.S.*, 517 U.S. 806, 812, 116 S. Ct. 1769, 1774, 13 L. Ed. 2d 89 (1996); *Walter v. State*, 28 S.W.3d 538, 542 (Tex. Crim. App. 2000). On appeal, Appellant argues that the disposition of this case "depends upon a single fact and not any legal issue: Did the state trooper actually see a traffic violation before he detained Mr. Walker?"

Trooper Hoover's patrol car video was admitted into evidence and played during his testimony. The trooper testified that the camera on the patrol car is "zoomed out" and that things appear farther away than they actually are. He explained that the reason the camera is positioned in this way is to capture what can be seen "all around the car." On cross-examination, defense counsel asked where, in the video, it showed the commission of the traffic violation. Trooper Hoover responded that "[i]t's in the video prior to me going around the vehicle." He further explained that the camera was stationed over the passenger seat of his patrol car. Thus, he could not, "while I'm driving down the road, make sure the camera captures everything while I'm trying to stop people that are crossing yellow lines."

Appellant contends that the patrol car video is "indisputable visual evidence" that he did not cross the double yellow line. "Indisputable visual evidence" is conclusive evidence that does not pivot on an evaluation of credibility and demeanor. *Miller v. State*, 393 S.W.3d 255, 264 (Tex. Crim. App. 2012). We have reviewed the patrol car video and conclude that it does not constitute "indisputable visual evidence" because it does not conclusively contradict Trooper Hoover's testimony. The State contends that the resolution of this issue turns on the arresting

officer's credibility because the patrol car video "does not show much of anything leading up to the traffic stop."

When there exists a factual dispute regarding the contents of a videotape, the trial court's findings are afforded almost total deference. *Id.* A question "turns" on an evaluation of credibility and demeanor when the testimony of one or more witnesses, if believed, is always enough to add up to what is needed to decide the substantive issue. *Duran*, 396 S.W.3d at 573.

Here, in its role as the factfinder, the trial court believed Trooper Hoover's testimony and found that he witnessed Appellant cross over the double yellow line dividing opposing lanes of traffic. This conduct is a violation of sections 545.051 and 545.063 of the transportation code.[2] *See* TEX. TRANSP. CODE ANN. §§ 545.051; 545.063. Because Trooper Hoover observed this violation, he had probable cause to initiate the traffic stop. *See Walter*, 28 S.W.3d at 542.

## Conclusion

The disposition of this case turns on the specific question of whether Trooper Hoover saw Appellant commit the traffic violation. Because the video does not conclusively disprove Trooper Hoover's testimony, and the trial court found that Trooper Hoover observed Appellant cross the double yellow line, it did not abuse its discretion in denying Appellant's motion to suppress. Accordingly, we overrule Appellant's first issue on appeal.

<h2 style="text-align:center">RELIABILITY OF CITIZEN TIP</h2>

In his second and third issues, Appellant contends that the anonymous caller's tip was not corroborated by Trooper Hoover, and that the anonymous caller failed to give a detailed description of the vehicle.

Trooper Hoover testified that he did not rely on the tip to initiate the traffic stop because he independently observed Appellant commit a traffic violation. We have concluded that the traffic stop was valid. In such circumstances, we need not analyze the reliability of the tip. *See Chung v. State*, 475 S.W.3d 378, 383-84 (Tex. App.—Waco 2014, pet. ref'd) (concluding that

---

[2] Appellant's counsel orally requested findings of fact and conclusions of law at the suppression hearing. Appellant points out, and we agree, that the trial court made its essential findings of fact and conclusions of law on the record at the hearing. *See State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006) ("The findings and conclusions need to be recorded in some way, whether written out and filed by the trial court, or stated on the record at the hearing.").

process to analyze reliability of tip does not apply when officer separately observes traffic violation).

Appellant's second and third issues are overruled.

## DISPOSITION

Having overruled Appellant's three issues, we *affirm* the judgment of the trial court.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered July 20, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 20, 2016**

**NO. 12-15-00128-CR**

**ROBERT LAFAYETTE WALKER,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the County Court at Law No. 3
of Smith County, Texas (Tr.Ct.No. 003-82609-14)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*